UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN AUSTIN, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | FILE NO. _____ |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| DEKALB COUNTY, GEORGIA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff John Austin ("Plaintiff" or "Mr. Austin") files this Complaint against Defendant DeKalb County, Georgia ("Defendant" or "DeKalb County"), showing the Court as follows:

## INTRODUCTION

1. Mr. Austin (Hispanic) brings this Complaint against DeKalb County because DeKalb County terminated his employment for conduct for which it retained at least two Black DeKalb County employees.

2. In terminating Mr. Austin's while retaining Black employees who engaged in the exact conduct for which Mr. Austin was terminated, DeKalb County engaged in race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* ("Title VII"), the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1981.

3. Accordingly, Mr. Austin brings this lawsuit for equitable relief and monetary damages based on race discrimination against DeKalb County under Title VII, the Equal Protection Clause, and 42 U.S.C. § 1981.

4. Mr. Austin seeks injunctive and equitable relief, back pay and lost benefits, front pay, compensatory damages, attorney's fees and costs of litigation, and pre- and post-judgment interest to remedy DeKalb County's civil rights violations against him.

## THE PARTIES

5. Mr. Austin is a resident of Gwinnett County, Georgia and submits himself to the jurisdiction of this Court.

6. Mr. Austin is a former employee of DeKalb County, Georgia.

7. DeKalb County, Georgia is a county government doing business in the State of Georgia and is, thus, subject to personal jurisdiction in Georgia.

8. DeKalb County is a covered employer as defined by Title VII.

9. DeKalb County may be served with process via personal service upon the DeKalb County Chief Executive Officer, Michael L. Thurmond, at the office of the DeKalb County CEO, Manuel J. Maloof Center, 1300 Commerce Drive, 6th Floor, Decatur, Georgia 30030.

## JURISDICTION AND VENUE

10. Plaintiff's claims under Title VII and the Fourteenth Amendment and 42 U.S.C. § 1981, actionable under 42 U.S.C. § 1983, present federal questions over which the Court has subject matter jurisdiction under 28 U.S.C. § 1331.

11. Venue is proper in this district and division under 28 U.S.C. § 1391 because the DeKalb County conducts business in this district and division and the unlawful actions and practices were committed within the Northern District of Georgia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Mr. Austin filed a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which he complains.

13. On September 10, 2024, the EEOC issued a Determination and Notice of Rights relating to his Charge of Discrimination, Charge Number 410-2023-11397.

14. This civil action is filed in the appropriate federal district court within ninety (90) days of receipt of Mr. Austin's Determination and Notice of Rights.

## FACTUAL ALLEGATIONS

15. Mr. Austin (Hispanic) began employment with DeKalb County in the Department of Watershed Management ("DWM") and transferred to the Department of Planning and Sustainability (the "Planning Department") in 2014.

16. Mr. Austin was employed as Plumbing Inspector in the Planning Department at the time of his termination on February 28, 2023.

17. As a Plumbing Inspector, Mr. Austin enforced the regulations of the 2018 IPC (International Plumbing Code), national, state, and county codes and ordinances.

18. In the fall of 2022, Mr. Austin was assigned to inspect a subdivision that was under construction.

19. As a part of his inspection of the property, Mr. Austin approved installation of a 4" cleanout after consulting the 2018 IPC.

20. Mr. Austin shared with the contractor that he was approving the 4" cleanout due to safety factors with some electrical utilities in the same location of the contractor's area of installation and also due to the depth of the tie in for the pipe.

21. Mr. Austin correctly told the contractor that he could use a 4" cleanout under the codes he was enforcing with the Department of Planning – a 4" cleanout was approved for installation at that location.

22. On or about December 16, 2022, the DWM inspector failed the final inspection of the property despite other lots with 4" cleanouts being approved.

23. The DWM inspector, a Black male, failed the contractor's inspection despite the work being to code.

24. The Black inspector violated code when he failed the contractor's

inspection that was up to code.

25. The inspection that failed were all up to code under DeKalb County Ordinances and national and state codes at the time of the installation and inspections.

26. The same Black inspector that failed this inspection had passed 4" cleanouts at other points in time.

27. Another Black DWM inspector approved 4" cleanouts several times for lots on the same street and/or in the same subdivision as the lots that Mr. Austin approved.

28. On February 28, 2023, Mr. Austin was notified that he was being terminated for approving the 4" cleanouts that were up to code.

29. The documentation that the Department of Planning uses to inform all contractors of the codes they are required to follow does not state that the DWM "standard" is to be adhered to, but rather, the required code sections for contractors are the 2012 IPC superseded by 2018 IPC, with Georgia Amendments and DeKalb County Ordinances (Muni Codes – Chapter 7 Building Codes).

30. Mr. Austin complied with these code sections in approving the 4" cleanouts and did not violate DeKalb County Ordinances or national or state building codes when he was terminated.

31. The Black DWM inspector who violated codes in failing Mr. Austin's approval of the 4" cleanouts was not disciplined or terminated.

32. The second Black DWM inspector who also approved 4" cleanouts on the same street and in the same subdivision that Mr. Austin did were also not disciplined or terminated for approving 4" cleanouts.

33. The unlawful, discriminatory actions by DeKalb County and its agents and employees were done during and within the scope of their agency and employment with DeKalb County.

34. Because of DeKalb County's unlawful discriminatory actions and practices, Mr. Austin has suffered and continues to suffer emotional and resulting damages.

35. At all times material to this Complaint, it was clearly established law that subjecting an employee to race discrimination in termination violates the Equal Protection Clause and § 1981.

## COUNT I
### Race Discrimination in Violation of the Equal Protection Clause

36. Plaintiff incorporates by reference the preceding allegations as if fully restated herein.

37. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution entitles Mr. Austin to equal protection under the laws, including equal protection with respect to race.

38. No compelling or other governmental interest supports the Defendant's use of race as the basis for employment decisions giving rise to this complaint.

39. To the extent any such interest existed, Defendant's use of race classifications is not the least restrictive means by which DeKalb County could have effectuated such interest.

40. DeKalb County violated Mr. Austin's rights to equal protection by subjecting him to race discrimination.

41. DeKalb County's conduct constitutes unlawful discrimination based upon race, in violation of the Equal Protection Clause.

42. DeKalb County undertook all the unlawful conduct giving to Mr. Austin's claims while acting under color of state law.

43. As a direct and proximate result of DeKalb County's violations of the Equal Protection Clause, Mr. Austin has suffered damages including emotional distress, inconvenience, losses of income and benefits, humiliation, and other indignities.

44. DeKalb County's unlawful conduct violated clearly established law prohibiting making termination decisions because of race.

## COUNT II
### Race Discrimination in Violation of 42 U.S.C. § 1981

45. Plaintiff incorporates by reference the preceding allegations as if fully restated herein.

46. Mr. Austin was terminated for approving the use of a 4" cleanout that was within regulations of the 2018 IPC and the municipal code that he enforces.

47. Two Black inspectors employed by DeKalb County were not terminated for approving 4" cleanouts.

48. A Black DWM inspector was not terminated for failing a contractor's inspection even though the 4" cleanouts were up to code.

49. DeKalb County discriminated against Mr. Austin based on his race when it terminated his employment while retaining two Black employees for the same conduct.

50. It is unlawful under 42 U.S.C. § 1981 to intentionally discriminate against an employee based on the employee's race.

51. DeKalb County's stated reason for terminating Mr. Austin's employment is pretext for racial discrimination.

52. DeKalb County willfully and wantonly disregarded Mr. Austin's rights under Section 1981 and acted in reckless disregard for Mr. Austin's rights under Section 1981.

53. DeKalb County's discriminatory actions against Mr. Austin were taken in bad faith.

54. As a result of DeKalb County's discriminatory treatment of Mr. Austin, Mr. Austin has suffered lost compensation and other benefits of employment,

emotional distress, inconvenience, loss of income, humiliation, and other indignities.

55. Pursuant to Section 1981, Mr. Austin is entitled to damages including, back pay and lost benefits, front pay, compensatory damages, attorney's fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Section 1981.

## COUNT III
### Race Discrimination in Violation of Title VII

56. Plaintiff incorporates by reference the preceding allegations as if fully restated herein.

57. Mr. Austin was terminated for approving the use of a 4" cleanout that was within regulations of the 2018 IPC and the municipal code that he enforces.

58. Two Black inspectors employed by DeKalb County were not terminated for approving 4" cleanouts.

59. A Black DWM inspector was not terminated for failing a contractor's inspection even though the 4" cleanouts were up to code.

60. DeKalb County discriminated against Mr. Austin based on his race when it terminated his employment while retaining two Black employees for the same conduct, or in the alternative, race was a motivating factor in Mr. Austin's termination.

61. In the alternative, Mr. Austin presents a convincing mosaic of circumstantial evidence supporting his race discrimination claim.

62. DeKalb County's stated reason for terminating Mr. Austin's employment is pretext for racial discrimination.

63. DeKalb County's discriminatory treatment of Mr. Austin violated Title VII.

64. DeKalb County's actions were willful, deliberate, and intended to cause Mr. Austin harm and/or were committed with reckless disregard for the harm caused to him and were in derogation of his federally protected rights.

65. DeKalb County's actions against Mr. Austin were taken in bad faith.

66. As a direct and proximate result of DeKalb County's actions, Mr. Austin has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

67. Pursuant to Title VII, Mr. Austin is entitled to damages including back pay and lost benefits, front pay, compensatory damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

(a) That the Court grant trial by jury;

(b) That Plaintiff be granted judgment against Defendant under all Counts of the Complaint;

(c) That Plaintiff have and recover from Defendant back pay and fringe benefits, with prejudgment interest thereon;

(d) That Plaintiff have and recover from Defendant reinstatement or front pay and fringe benefits, with prejudgment interest thereon;

(e) That Plaintiff have and recover compensatory damages in an amount to be determined by a jury;

(f) That Plaintiff have and recover his attorney's fees and costs of litigation under all applicable laws; and

(g) That the Court grant any other such further monetary, non-monetary, and equitable relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 6th day of December 2024.

LEGARE, ATTWOOD & RAGAN, LLC

**s/Cheryl B. Legare**
Cheryl B. Legare
Georgia Bar No. 038553
cblegare@law-llc.com

125 Clairemont Avenue, Suite 515
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

Counsel for Plaintiff